ATTACHMENT A

**STATEMENT OF FACTS**

1. The following Statement of Facts is incorporated by reference as part of the Deferred Prosecution Agreement (the "Agreement") between the United States Attorney's Office for the Western District of Wisconsin (the "Office"), and Brazos Urethane, Inc. ("Brazos"). Brazos hereby agrees and stipulates that the following information is true and accurate. Brazos admits, accepts, and acknowledges that it is responsible for the acts of its officers, directors, employees, and agents as set forth below. Should the Office pursue the prosecution that is deferred by this Agreement, Brazos agrees that it will neither contest the admissibility of, nor contradict, this Statement of Facts in any such proceeding.

2. The following facts establish beyond a reasonable doubt the charges set forth in the criminal information attached to this Agreement:

    a. Brazos Urethane, Inc. operated as a commercial building contractor that provided services to private and public entities. These contracting services included roofing installations, repairs and replacements. The services also included spray foam and conventional insulation applications.

    b. In September 2014, Brazos contracted with the U.S. Department of Justice Federal Bureau of Prisons (BOP) to replace roofs on buildings located at the Oxford Federal Correctional Institution (FCI Oxford) located at 350 Elk Avenue, Oxford, Wisconsin. The defendant submitted a firm fixed-price bid amount for $3,975,317 on

1

July 28, 2014, which was signed by the President of Brazos, and accepted by the BOP on September 5, 2014. BOP paid out over $3,106,000 to Brazos for this project.

   c. Because a site survey disclosed the existence of asbestos containing materials (ACM) in the roofing to be removed, Section 3 of the roofing contract contained special contract requirements including: (1) notice of the potential exposure of the contractor or government employees to a hazardous material, including asbestos; (2) notice of the potential need to employ proper safety precautions to ensure a safe work environment; and (3) notice that "nothing contained in this clause shall relieve the contractor or subcontractors from complying with applicable Federal, State and local laws, codes, ordinances and regulations (including the obtaining of licenses and permits) in connection with hazardous material including but not limited to the use, disturbance, or disposal of such material."

   d. Brazos submitted an Asbestos Removal Plan to the BOP explaining the steps that Brazos would take to abate the ACM in the roof replacement project. This plan stated that the ACMs "are not friable and will not become friable by the nature of removal," and the waste materials will be "placed directly into 6 mil poly lined waste containers (or wrapped in two layers of 6 mil poly) labeled with asbestos waste labels, and lowered to the ground." The plan further provided that the "asbestos materials will be packaged in impermeable dust containers" that will be labeled "DANGER CONTAINS ASBESTOS FIBERS AVOID CREATING DUST," and the landfill accepting this waste will be notified before shipping for scheduling to ensure that adequate

personnel and apparatus are available at the time of disposal, and these wastes "will not be transported with any other materials."

  e. Brazos, (by its President), purchased a home (located at 857 Elk Ave.) and an adjacent 20-acre lot (located at 863 Elk Ave), in early 2015, which was two miles down the road from the FCI Oxford job site. Brazos used this site to house its workers during the roofing project. After the FCI Oxford roofing project was completed, Brazos sold the home and 20-acre lot on April 30, 2018, for $230,500.

  f. During the performance of the FCI Oxford roofing contract, Brazos dumped multiple truck-loads of roofing waste materials from the FCI Oxford worksite on to the 20-acre property located at 863 and 857 Elk Avenue, Adams, Wisconsin. These waste materials were subsequently found to contain amounts of ACM by both Wisconsin DNR regulators in November 2015, as well as by EPA regulators in February 2022.

  g. Brazos did not tell BOP, or the Wisconsin DNR, of its plan to dump truck loads of roofing waste at the 863/857 Elk Avenue location. Nor did Brazos obtain permission from the Wisconsin DNR to dump solid waste or hazardous materials at the 863/857 Elk Ave location.

  h. Brazos's illegal dumping at the 863/857 Elk Avenue location was in violation of the BOP roofing contract, as well as the Asbestos Abatement Plan submitted by Brazos to the BOP.

    i.  Brazos was ordered by the Wisconsin DNR on November 16, 2015, to clean up the 863/857 Elk Avenue location and remove all of the ACM, and have it disposed of properly at a landfill. Brazos submitted pictures and hazardous waste manifests to Wisconsin DNR to prove it had properly cleaned up the property and removed all of the ACM. Brazos indicated by email on December 14, 2015 that it had completed the clean-up project. These statements were false because Brazos, had, in fact, not completely cleaned up the property and removed all of the ACM. Instead the ACM was pushed further into the woods and covered over.

    j.  On April 30, 2018, Brazos sold the house and 20-acre property located at 863 & 857 Elk Avenue, Adams, Wisconsin 53910 for $230,500. After the closing, the title company in Wautoma, Wisconsin mailed a check for $213,524.67 to Brazos's President in Seabrook, Texas. Brazos failed to disclose to the buyer on the Real Estate Condition Report the fact that Brazos had dumped ACM on the property and had been ordered by the Wisconsin DNR to clean up the ACM on the property.

    k.  Before the closing, the buyer found out that dumping had taken place on the property, and the buyer demanded that Brazos provide her with proof that there were no DNR violations, or other outstanding DNR concerns with the property. In response to this request by the buyer, Brazos emailed to the buyer's agent on April 13, 2018, a letter from the Wisconsin DNR dated February 22, 2017 to Brazos's President, re: case #2016-WCEE-046, indicating that after review of the documentation submitted by the parties, the Wisconsin DNR "has determined no further action will be

taken at this time." Brazos, however, failed to disclose to the buyer that case #2016-WCEE-046 did not refer to the dumping incident at the 863/857 Elk Avenue location, but instead referred to a different case the Wisconsin DNR had open against Brazos for improper asbestos abatement practices at the FCI Oxford site.

l. Satisfied with the February 22, 2017 Wisconsin DNR letter submitted by Brazos, the buyer went through with the April 2018 purchase of the home and 20-acre property, not knowing it still contained ACM. The buyer subsequently sold the home in 2019 to a new purchaser. The 2018 buyer did not disclose to the new purchaser on the Real Estate Condition Report, the fact that Brazos had dumped ACM on the property and had been ordered by the Wisconsin DNR to clean up the property, given the Wisconsin DNR letter dated February 22, 2017 that she had received from Brazos.

m. When the 2019 buyer found out that dumping had taken place on his property, he had it tested on July 17, 2021, and portions of the roofing waste that had been pushed into the woods and buried, tested positive for quantities of ACM. The 2019 buyer informed the Wisconsin DNR, who informed Brazos it needed to clean up the ACM on the property for a second time, and that it must be done properly and completely this time. That second clean up took place in August 2022 and involved 130 loads of waste totaling at least 150 cubic yards that included unknown amounts of ACM that needed to be transported to a landfill for proper disposal. The clean-up project cost Brazos $480,000 and took three weeks to accomplish.

      n.      Oxford, Wisconsin is located in the Western District of Wisconsin.

      o.      This information is provided to establish a factual basis for Brazos's guilty plea should the Office pursue the prosecution that is deferred by this Agreement. It is not a full recitation of the Brazos's knowledge of, or participation in, this offense.